# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| MICHAEL BRASWELL, | Case No. 11cv221 BTM(WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM** |
| v. | |
| YUMA COUNTY DETENTION CENTER, | |
| Defendant. | |

On February 2, 2011, Plaintiff filed a Complaint, a Motion to Proceed In Forma Pauperis ("IFP Motion"), and a Motion for Appointment of Counsel. For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Motion for Appointment of Counsel is denied without prejudice.

## DISCUSSION

I. Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of his IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

///
///

II.  Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim.  The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

In his Complaint, it appears that Plaintiff alleges that he was falsely arrested in November, 2009, and that he somehow suffered some sort of injury and ended up in the hospital.  The Complaint does not name as a defendant the law enforcement agency that affected his arrest.  The only defendant Plaintiff names is "Yuma County Detention Center."  It is unclear what role Yuma County Detention Center played in the events underlying Plaintiff's Complaint.  As for the "bodily injury" Plaintiff sustained, Plaintiff does not provide any facts regarding how he sustained the injury and who, if anyone, inflicted or exacerbated it.  Finally, the Court questions whether the Southern District of California is the proper venue for this suit.  Because Plaintiff names Yuma County Detention Center as a defendant, the Court has reason to believe that the events giving rise to Plaintiff's complaint occurred in Arizona.

For all of the reasons discussed above, the Court dismisses Plaintiff's Complaint for failure to state a claim.  However, the Court grants Plaintiff leave to file an amended complaint that corrects the above-noted deficiencies.  If Plaintiff wishes to file an amended complaint, he must do so on or before **March 7, 2011**.  Failure to do so will result in the closing of this case.

III.  Appointment of Counsel

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances."  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.'  Neither of these issues is dispositive and both must

be viewed together before reaching a decision." Id.

At this point in time, the Court cannot say that there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

Plaintiff's Motion to Proceed IFP is **GRANTED**.  However, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may file a First Amended Complaint on or before March 7, 2011.  If Plaintiff fails to do so, the Court shall close this case.  Plaintiff's Motion for Appointment of Counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: February 11, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge